# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
Wichita Falls Division

UNITED STATES OF AMERICA

v.  Case Number: 7:13-CR-00004-O(01)

NICOLAS CARTER  U.S. Marshal's No.: 46145-177

### JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

The defendant, NICOLAS CARTER, was represented by Greg Merkle.

**THE DEFENDANT:**

Pled true to violating Paragraphs I, II of the Petition for Offender Under Supervision, dated May 9, 2018; Paragraph I of the Supplemental Petition for Offender Under Supervision, dated August 22, 2019; and Paragraph I of the Addendum to Petition for Person Under Supervision, dated August 5, 2020.

**See Petition for Offender Under Supervision.**

Certified copy of the Judgment imposed on October 7, 2013, in the U.S. District Court for the Northern District of Texas, Wichita Falls Division, is attached.

As pronounced on August 31, 2020, the defendant is sentenced as provided on page 2 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed September 1, 2020.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Judgment in a Criminal Case for Revocation                                           Page **2** of **2**
Defendant:  NICOLAS CARTER
Case Number:  7:13-CR-00004-O(1)

## IMPRISONMENT

The defendant, NICOLAS CARTER, is hereby committed to the custody of the United States Bureau of Prisons (BOP) to be imprisoned for a term of **TWENTY-FOUR (24) MONTHS**. This sentence shall run concurrently with any sentence imposed in Case No. 11295 pending in the 90th Judicial District Court of Young County, Texas.

The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment as near as geographically possible to an FCI facility in Dallas/Fort Worth, Texas.

The defendant is remanded to the custody of the United States Marshal.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal

# United States District Court

NORTHERN DISTRICT OF TEXAS
Wichita Falls Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 7:13-CR-004-O (01) |
| | U.S. Marshal's No.: 46145-177 |
| | Mary Walters for Taly Haffar, Assistant U.S. Attorney |
| NICOLAS CARTER | Greg Merkle, Attorney for the Defendant |

On May 29, 2013, the defendant, NICOLAS CARTER, entered a plea of guilty to Count One of the One Count Indictment filed April 10, 2013. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm | October 13, 2012 | One |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100 for Count One of the One Count Indictment filed on April 10, 2013.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 7, 2013.

By s/ KA KIN CHENG
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
September 1, 2020

REED O'CONNOR
U.S. DISTRICT JUDGE

Signed October 16, 2013.

Judgment in a Criminal Case
Defendant: NICOLAS CARTER
Case Number: 7:13-CR-004-O (01)

Judgment -- Page 2 of 3

# IMPRISONMENT

The defendant, NICOLAS CARTER, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a total term of **EIGHTY-FOUR (84)** months. This sentence shall run concurrent to any sentence that may be imposed under Case Nos. 09751 and 35890, which are pending in Young County Court in Graham, Texas; and, concurrent to any sentence that may be imposed in Case No. 10094, which is pending in the 90th Judicial District Court of Young County in Graham, Texas.

The Court recommends the defendant be allowed to participate in substance abuse education and treatment programs, including the Bureau of Prisons' Residential Drug Abuse Program, if he is eligible. The Court further orders that the defendant be allowed to serve his time in a BOP facility in the Wichita Falls, Texas area, if eligible.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a total term of TWO (2) years on Count One of the One Count Indictment filed on April 10, 2013.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment; and,

participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## FORFEITURE

Pursuant to a Preliminary Order of Forfeiture, the defendant shall forfeit a Hi-Point, Model C9, 9 mm pistol and eight rounds of 9 mm ammunition, in accordance with 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal